

**THE ATTORNEY GENERAL**

**OF TEXAS**

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 11, 1948

Hon. Glendon Roberts
County Attorney
Bandera County
Bandera, Texas

Opinion No. V-566

Re: The authority of the
Commissioners' Court
to apportion the auto-
mobile registration
receipts equally
among the four com-
missioners' precincts
of the county.

Dear Sir:

Your request for an opinion from this office
on the above subject matter is, in part, as follows:

"By order of the Commissioners' Court of
Bandera County, made on July 14, 1947,
the automobile registration fees retain-
ed by the County as part of its county
road and bridge fund under Article 6675a-
10, V.A.T.S., were divided equally between
the four precints of this county. The
Commissioner of Precinct No. 1 of this
county, as well as a great number of the
residents of this precinct, object to
this manner of apportionment of these
funds among the precints on the grounds
that Precinct No. 1 has the greatest need
of the funds, having more road mileage,
more traffic, requiring more maintenance,
than the other precincts, and further that
most of such fees are collected from au-
tomobiles belonging to residents of Pre-
cinct No. 1 . . .

"In Bandera County, the needs of the coun-
ty with respect to maintenance of roads
greatly exceed the amount available in the
county road and bridge fund, and there is
no way in which the needs of any of the
precinct can be met, regardless of how
the funds are divided. However, it is

generally agreed that there is a much
greater need and necessity for these
funds in Precinct No. 1 than in any of
the other precincts in this county.

"Under the above circumstances, can the
Commissioners Court divide the automobile
registration fees equally between the
four precincts in this county, regard-
less of the fact that there is a great-
er need for same in Precinct No. 1?"

It was held in the case of Stovall v. Shivers
(Comm. of App.), 103 S.W.(2d) 363, that as to that por-
tion of fees provided for in Article 6675a-10, V. C. S.,
it is expressly provided how same shall be expended, and
for that reason Article 6740 has no application to same.

Article 6675a-10, V. C. S., provides, in part:

". . . None of the monies so placed
to the credit of the Road and Bridge Fund
of a county shall be used to pay the sal-
ary or compensation of any County Judge
or County Commissioner, but all said mon-
ies shall be used for the construction and
maintenance of lateral roads in such coun-
ty under the supervision of the County En-
gineer, if there be one, and if there is
no such engineer, then the County Commis-
sioners' Court shall have authority to
command the services of the Division En-
gineer of the State Highway Department for
the purpose of supervising the construction
and surveying of lateral roads in their re-
spective counties. All funds allocated to
the counties by the provisions of this Act
(Arts. 6675a-1 to 6675a-14; P. C. Art. 807a)
may be used by the counties in the payment
of obligations, if any, issued and incurred
in the construction or the improvement of
all roads, including State Highways of
such counties and districts therein; or the
improvement of the roads comprising the
County Road system."

The purpose as stated in Article 6675a-10 is
the construction and maintenance of lateral roads or
payment of obligations incurred in the construction or

improvement of all roads in the county. We quote the following from Stovall v. Shivers, supra:

"... By article 2342 of the Revised Statutes, it is provided that the several commissioners, together with the county judge, shall compose the 'commissioners court.' Such court is manifestly a unit, and is the agency of the whole county. The respective members of the commissioners court are therefore primarily representatives of the whole county, and not merely representatives of their respective precincts. The duty of the commissioners court is to transact the business, protect the interests, and promote the welfare of the county as a whole. Among the powers conferred upon such court by article 2351 are the following: The power to lay out and establish, change and discontinue roads and highways, the power to build bridges and keep them in repair, and the power to exercise general control over all roads, highways, ferries, and bridges in their counties. They have the power to levy a tax not to exceed 15 cents on the $100 valuation for roads and bridges. This fund is, of course, for the benefit of all roads and bridges of the county. These provisions of the law, as well as others which might be mentioned, clearly contemplate that the commissioners court of each county shall regard the roads and highways of the county as a system, to be laid out, changed, repaired, improved, and maintained, as far as practical, as a whole to the best interests and welfare of all the people of the county. It is clearly contemplated that all roads and bridges of the county shall be maintained, repaired, and improved when necessary, as the conditions may require, regardless of the precinct in which same may be located, so far as the funds will equitably justify. This being true, we think that a commissioners court cannot voluntarily disable itself from performance of their general obligation by arbitrarily dividing the road and bridge fund according to some

<u>fixed standard, and apportioning same to
be expended in a particular precinct, to
the detriment of roads and bridges in
other precincts.</u>" (Emphasis ours)

We quote the following from Attorney General's
Opinion No. 0-1091:

"As for that portion of the county
road and bridge fund consisting of auto-
mobile registration fees paid into the
fund of article 6675a, section 10, is
controlling.  It is our opinion that in
expending this portion of the fund for
the purposes expressly set out in sec-
tion 10 of article 6675a, the commission-
ers' court of the county shall regard the
roads and highways of the county as a sys-
tem to be built, improved and maintained
as a whole to the best interests and wel-
fare of all the people of the county and
of all the precincts of the county."

It was held in Attorney General's Opinion No.
0-3378 that the Commissioners' Court is not authorized
to allocate the autombile registration fees to the var-
ious precincts in an apportionment which would result
in one precinct being able to maintain a better class
of roads and highways than other precincts.

You stated in your letter that "it is gener-
ally agreed that there is a much greater need and nec-
essity for these funds in Precinct No. 1 than in any of
the other precincts in this county." We, of course, can-
not pass on that fact issue. But assuming that to be
correct, it is our opinion in view of the foregoing, that
the Commissioners' Court of Bandera County should not di-
vide the automobile registration fees equally between
the four precincts of the county. On the contrary, these
fees should be expended in such a manner as to give to
the county as a whole a uniform system of roads and high-
ways without reference to precinct lines. This responsi-
bility rests with the Commissioners' Court and must be
determined by it in accordance with all the facts and cir-
cumstances involved. This opinion is not to be construed
as passing on the fact questions relative to the needs of
the county as a unit.

## SUMMARY

That portion of the County Road and
Bridge Fund consisting of automobile re-
gistration fees paid into the fund should
be expended in such a manner as to give
the county as a whole a uniform system of
roads and highways without reference to
precinct lines.  Such fees should not be
divided arbitrarily in equal parts between
the four precincts of the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves

John Reeves
Assistant

JR:mw

APPROVED:

Fagan Dickson

FIRST ASSISTANT
ATTORNEY GENERAL